MICHAEL J. BAYTOSH, State Bar No. 176189
**BAYTOSH LAW FIRM**
2377 Gold Meadow Way, Suite 100
Gold River, CA 95670
Tel: (916) 631-1940
Fax: (916) 313-3235
Mike@Baytoshlaw.com

Attorneys for Plaintiff, WEBER MARKING SYSTEMS, INC. dba Weber Packaging Solutions, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| WEBER MARKING SYSTEMS, INC. dba Weber Packaging Solutions, Inc., <br><br>Plaintiff, <br><br>v. <br><br>NEWELL RAY WOODWARD, an Individual, <br><br>Defendant. | CASE NO.: TO BE ASSIGNED <br><br>**COMPLAINT FOR BREACH OF DUTY OF LOYALTY; AND BREACH OF CONTRACT** <br><br>**JURY TRIAL DEMANDED** |

Comes now Plaintiff, WEBER MARKING SYSTEMS, INC., doing business as Weber Packaging Solutions, Inc. ("Weber"), by and through its counsel of record herein, and, for its Complaint against Defendant, NEWELL RAY WOODWARD ("Defendant"), alleges as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the Parties are citizens of different States and the amount of damages Weber seeks from Defendant in this matter exceeds $75,000.00.

////

1

**VENUE**

2. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant resides within a territory over which the Court has jurisdiction, and a substantial part of the events and omissions giving rise to the claims in this Complaint occurred in that territory.

**PARTIES**

3. Weber is incorporated and has its principal place of business in the State of Illinois. Weber does business domestically and internationally in the highly-competitive labeling and coding systems and services industry.

4. Upon information and belief, Defendant resides and is domiciled in the City of Anaheim, County of Orange, State of California.

**STATEMENT OF FACTS**

5. Defendant was employed by Weber from approximately January 4, 2016, through November 3, 2017, in a sales role as a Packaging Solutions Specialist.

6. As the allegations that follow make clear, Defendant was hired and employed on a full-time basis. However, Defendant did not provide services to Weber commensurate with his obligations to Weber imposed by contract and other applicable law.

7. At the start of his employment with Weber, Defendant, in exchange for good and valuable consideration, executed a Non-Disclosure Agreement ("Agreement").

8. Pursuant to that Agreement, Defendant stated that he would not use or disclose any of Weber's confidential or proprietary information for any reason other than the performance of his duties as a Weber employee. In exchange for Defendant's execution of the Agreement, Defendant was provided access to Weber's confidential and proprietary information, including confidential and proprietary pricing information, product information, and customer lists.

9. Because Weber is engaged in a highly-competitive market, confidential and proprietary information about Weber's products, pricing, and customers is critical to the success of Weber's business.

10. Weber devotes substantial time, money, and other resources to developing confidential and proprietary product, pricing and customer information. Weber also devotes substantial efforts toward maintaining the confidentiality and secrecy of such information by means that include, but are not limited to: requiring employees to sign non-disclosure agreements as a condition of receiving such information; password-protecting electronically-stored versions of such information; and regularly reminding employees of their obligations to keep Weber's confidential and proprietary information confidential.

11. Defendant was, at all times during his employment with Weber, also an employee of AWC Packaging, Inc. ("AWC").

12. AWC, like Weber, is engaged in the highly-competitive labeling and coding systems and services industry in many of the same geographic areas in which Weber does business. AWC and Weber compete with each other to makes sales to many of the same customers and potential customers.

13. Defendant concealed his ongoing employment with AWC from Weber, and Weber did not learn of Defendant's simultaneous employment with AWC until shortly before Weber terminated Defendant's employment.

14. Defendant, using Weber's computer and other electronic and information technology equipment and systems, made contact with potential customers for the purpose of making sales on behalf of AWC and other third parties.

15. Defendant also performed services for AWC during the exact same time Defendant was obligated—and was being paid by Weber—to perform services for Weber.

16. Defendant also negotiated sales from Weber to AWC on terms less favorable and less profitable to Weber than would ordinarily be approved. Defendant was involved in both sides of such sales, negotiating on behalf of Weber and—unbeknownst to Weber at the time—also negotiating on behalf of AWC. By this conduct, Defendant obtained benefits both from Weber and from AWC—to Weber's detriment. Weber would not have approved such unfavorable sales terms if Weber had been aware of Defendant's simultaneous employment with AWC.

17. Additionally, Defendant negotiated sales from Weber to AWC of products that Defendant then re-sold on behalf of AWC to third parties. In doing so, Defendant obtained benefits both from Weber and from AWC—while Weber lost the opportunity to sell the products at issue directly to the third parties.

18. During his employment with Weber, Defendant diverted other sales opportunities, which arose through Defendant's employment with Weber and otherwise, away from Weber and to AWC and other competitors of Weber.

19. In diverting business opportunities and profits away from Weber, Defendant relied upon and used his knowledge of Weber's confidential and proprietary pricing information, customer lists, and related product and business information to inflict economic damage upon Weber.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION FOR BREACH OF THE DUTY OF LOYALTY
AGAINST DEFENDANT NEWELL RAY WOODWARD**

20. Weber repeats and realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. As a Weber employee, Defendant owed a duty of loyalty to Weber as a matter of law.

22. By his actions alleged above, Defendant maliciously breached that duty of loyalty, and Weber suffered damages as a result, in forms including, but not limited to, lost profits, lost business opportunities, and the compensation Weber paid to Defendant without receiving Defendant's loyal services in return.

23. Defendant intentionally engaged in efforts to divert business and profits from Weber, knowing that doing so would harm Weber and benefit Defendant, AWC, and other third parties.

24. Defendant's breach of his duty of loyalty to Weber has resulted in substantial damages to Weber in the form of lost profits and lost business opportunities.

25. Defendant was also unjustly enriched to the extent he received compensation and benefits from Weber, while not providing loyal services to Weber in return—and restitution of such compensation and benefits is appropriate.

26. Defendant's malicious breach of his duty of loyalty to Weber also requires the imposition of punitive damages against Defendant.

### SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANT NEWELL RAY WOODWARD

27. Weber repeats and realleges Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. As alleged above, Defendant executed the Agreement for good and valuable consideration, and under the Agreement, Defendant agreed not to use or disclose Weber's confidential and proprietary information for any reason other than the performance of his job duties for Weber.

29. Defendant breached the Agreement by using information entrusted to him in confidence pursuant to the Agreement, including information relating to Weber's pricing and

customers, to negotiate sales for the benefit of AWC and other competitors of Weber, and to divert sales and profits away from Weber.

30. Defendant's breaches of the Agreement have resulted in substantial damages to Weber in the form of lost profits and lost business opportunities.

## JURY TRIAL DEMAND

Plaintiff, WEBER MARKING SYSTEMS, INC. dba Weber Packaging Solutions, Inc. hereby demands trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter:

i. For actual damages according to proof at trial;

ii. Restitution in the amount of all compensation and benefits Weber paid to Defendant during his employment with Weber;

iii. Punitive damages for Defendant's malicious breach of his duty of loyalty to Weber;

iv. For all attorneys' fees and costs incurred by Weber in this matter;

v. For interest, including pre-judgment and post-judgment interest;

vi. For all such other, further relief as this Court deems just and proper.

Dated:   December 21, 2017                Respectfully Submitted,

                                                          **BAYTOSH LAW FIRM**

                                                                           */s/ MICHAEL J. BAYTOSH*
By:_____
      MICHAEL J. BAYTOSH, SBN 176189

                                                    Attorneys for Plaintiff, WEBER MARKING SYSTEMS, INC., dba Weber Packaging Solutions, Inc.