---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                         Date: September 27, 2018
Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

 Terry Guerrero                                                          N/A
  Deputy Clerk                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S
                              MOTION FOR DEFAULT JUDGMENT (Doc. 20)**

        Before the Court is a Motion for Default Judgment filed by Plaintiff Weber
Marking Systems, Inc. against Defendant Newell R. Woodward.  (Mot., Doc. 20; Mem.,
Doc. 20-1.)  The Court finds this matter appropriate for decision without oral argument.
*See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for September
28, 2018, at 2:30 p.m., is VACATED.  For the following reasons, Plaintiff's Motion is
GRANTED.

## I.      BACKGROUND

        The Complaint makes the following allegations:
        Plaintiff is a corporation engaged in the business of "labeling and coding
systems."  (Compl. ¶ 3, Doc. 1.)  Defendant was employed by Plaintiff from January 4,
2016, until November 3, 2017, as a Packaging Solutions Specialist.  (*Id.* ¶ 5.)
        At the time that Defendant was hired by Plaintiff, the parties entered into a Non-
Disclosure Agreement, in which Defendant promised that he would not use or disclose
any of Plaintiff's confidential and proprietary information for any reason other than the
performance of his duties as an employee for Plaintiff.  (*Id.* ¶¶ 7–8; *see also* NDA, Ex. 1-
A to Weber Decl., Doc. 20-2.)  In exchange for signing the Non-Disclosure Agreement,
Plaintiff agreed to provide an at-will employment relationship, continued access to the

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                    Date: September 27, 2018
Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

proprietary information, and a one-time bonus of $250.  (NDA ¶ 1.)  The Non-Disclosure Agreement also provided that the Defendant "expressly waives any argument that this Agreement is unenforceable in whole or in part based on the alleged failure or inadequacy of consideration."  (*Id.*)

At all times during the tenure of Defendant's employment with Plaintiff, Defendant also acted as an employee of AWC Packaging, Inc. ("AWC"), one of Plaintiff's industry competitors operating in the same geographic market.  (Compl. ¶ 12.) Defendant concealed his employment with AWC from Plaintiff.  (*Id.* ¶ 13.)  Defendant used Plaintiff's computers and equipment to make contact with potential customers for the purpose of making sales on behalf of AWC and performed other services for AWC during the time that he was being paid by Plaintiff to perform services for Plaintiff.  (*Id.* ¶¶ 14–15.)  Defendant also (1) negotiated sales from Plaintiff to AWC that Plaintiff would not have approved had it been aware of Defendant's simultaneous employment with AWC and (2) diverted sales opportunities that arose in connection with his employment with Plaintiff to AWC.  (*Id.* ¶¶ 16–18.)  In conducting these activities, Defendant relied upon Plaintiff's confidential and proprietary pricing information, customer lists, and other product information.  (*Id.* ¶ 19.)

On December 21, 2017, Plaintiff filed the instant action against Defendant, asserting claims for breach of the duty of loyalty and breach of contract.  (*Id.* ¶¶ 20–30.) On February 6, 2018, Plaintiff served Defendant with the summons and Complaint. (Doc. 12.)  On April 2, 2018, Plaintiff sought default against Defendant, which was entered by the Clerk the following day.  (Default by Clerk, Doc. 14.)

On May 3, 2018, Plaintiff filed a motion for default judgment against Defendant, which the Court denied without prejudice because Plaintiff failed to brief the *Eitel* factors.  (*See* Order Denying MDJ, Doc. 19.)

On July 27, 2018, Plaintiff filed the instant Motion, which Plaintiff served on Defendant the same day, along with all supporting documents.  (*See* Proof of Service, Doc. 20-5.)

## II.   <u>LEGAL STANDARD</u>

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                    Date: September 27, 2018

Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process.  *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Prior to entry of default judgment, there must be an entry of default.  *See* Fed. R. Civ. P. 55.  Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *United States v. Cathcart*, No. C 07-4762 PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010).  "[I]t follows from this that facts … not established by the pleadings of the prevailing party, or claims … not well-pleaded, are not binding and cannot support the judgment."  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:

(1) the possibility of prejudice to the plaintiff,

(2) the merits of plaintiff's substantive claim,

(3) the sufficiency of the complaint,

(4) the sum of money at stake in the action,

(5) the possibility of a dispute concerning material facts,

(6) whether the default was due to excusable neglect, and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Eitel*, 782 F.2d at 1471-72.

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded."  *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright, Arthur R. Miller, & May Kay Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).  This is because the allegations of the amount of damages suffered are not necessarily taken as true.  *Geddes*, 559 F.2d at 560.  Under Ninth Circuit law, a default judgment for money may be entered

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                     Date: September 27, 2018
Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

___

without a hearing where "the amount claimed is a liquidated sum or capable of
mathematical calculation."  *See Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

## III.    DISCUSSION

### A.    Plaintiff Has Satisfied Local Rule 55-1

Plaintiff's Motion complies with Local Rule 55-1.  Plaintiff accompanied this
Motion with a sworn declaration stating the pleading on which default was entered, that
Defendant is not an infant or incompetent person and that the Servicemembers Civil
Relief Act does not apply.  (Baytosh Decl. ¶¶ 7–8, Doc. 20-3.)  Plaintiff also filed a Proof
of Service, evidencing that this Motion and all related documents have been served on
Defendant.  (Proof of Service.)

### B.    *Eitel* Factors

#### 1.    Possibility of Prejudice to the Plaintiff

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default
judgment is not entered."  *Landstar Ranger*, 725 F. Supp. 2d at 920.  Plaintiff contends
that it has been injured by Defendant's actions in working on behalf of a competitor
during his employment. (Mem. at 8.)  Absent entry of a default judgment, Plaintiff will
most likely be without recourse against Defendant, given his unwillingness to participate
in this action.  Because Plaintiff will suffer prejudice if it is without recourse against
Defendant, this factor favors entry of a default judgment.

#### 2.    The Merits of Plaintiff's Substantive Claims and the Sufficiency
of the Complaint

The second and third *Eitel* factors look at (1) the merits of a plaintiff's substantive
claims and (2) the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471.  These two
factors require that a plaintiff "state a claim on which [it] may recover."  *PepsiCo, Inc. v.
Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal quotation marks

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                                 Date: September 27, 2018

Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

and citation omitted).  Plaintiff seeks default judgment as to both its breach of the duty of
loyalty and contract claims.  (Mem. at 5–7.)

### a.  Breach of the Duty of Loyalty

"In order to state a claim for breach of duty of loyalty, a plaintiff must plead: "(1)
the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of
that duty; and (3) damage proximately caused by that breach." *E.D.C. Techs., Inc. v.
Seidel*, 216 F. Supp. 3d 1012, 1016 (N.D. Cal. 2016).

As to the first element, the existence of a duty of loyalty, Plaintiff alleges that the
parties were engaged in an employment relationship.  (Compl. ¶¶ 5–6.)  Therefore, as a
matter of law, Plaintiff has alleged that Defendant owed a duty of loyalty to Plaintiff as
his employer.[1] *Zayo Grp. LLC v. Hisa*, No. SACV13-752-JLS (JPRx), 2013 WL
12201401, at *7 (C.D. Cal. Sept. 17, 2013); Restatement (Third) Of Agency § 1.01
(2006); *E.D.C. Techs.*, 216 F. Supp. 3d at 1016.  As to the second element, Plaintiff
alleges that Defendant breached his duty of loyalty by (1) remaining employed by
Plaintiff's competitor, AWC, during his term of employment with Plaintiff; (2)
negotiating sales of Plaintiff's products to AWC; and (3) diverting sales opportunities
which arose through his employment with Plaintiff away from Plaintiff and to AWC.
(Compl. ¶¶ 12–19.)  Finally, Plaintiff satisfies the third element by alleging that it
sustained damages as a result of Defendant's conduct, including lost sales opportunities.
(*Id.* ¶ 24.)

Accepting these allegations as true, Plaintiff has stated a claim against Defendant
for breach of the duty of loyalty.

---

[1] Although one district court has held that there is no common law duty of loyalty owed
by low-level employees to their employers, *Mattel, Inc. v. MGA Entm't, Inc.*, No. CV 04-9049
DOC (RNBx), 2011 WL 8427611, at *2 (C.D. Cal. Mar. 28, 2011), this Court follows the
majority view that all employees owe a duty of loyalty to their employers.  *See Zayo Grp.*, 2013
WL 12201401, at *7.

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                          Date: September 27, 2018
Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

### b.  Breach of Contract

Under California law, the elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).

Plaintiff has adequately alleged each element.  First, Plaintiff alleges that the parties entered into the Non-Disclosure Agreement, which prohibited Defendant from using or disclosing Plaintiff's confidential or proprietary information for any reason other than performance of his duties as an employee.  (*See* Compl. ¶ 8; NDA ¶ 1.)  Plaintiff alleges that Defendant breached this agreement by using Plaintiff's proprietary information to divert business opportunities away from Plaintiff and to its competitor, AWC.  (Compl. ¶ 19.)  Further, the Court can infer from the allegations that Plaintiff performed its obligations under the Non-Disclosure Agreement.[2]  (*Id.* ¶ 8; *see also* Weber Decl. ¶ 3.)  Finally, Plaintiff alleges that it was damaged by Defendant's use of the proprietary information in securing sales for or providing discounts to its competitor.  (Compl. ¶ 30.)

Accepting Plaintiff's factual allegations as true, Plaintiff has proven its breach of contract claim.

In sum, the second and third *Eitel* factors thus favor entry of default judgment on both of Plaintiff's claims.

___

[2] Under the Non-Disclosure Agreement, Plaintiff was obligated to provide Defendant with continued at-will employment, access to its proprietary information, and a $250 bonus. (NDA ¶ 1.)  Plaintiff specifically alleges that it provided Defendant with the requisite access and continued employment, though the Complaint does not mention payment of the $250 bonus.  In connection with the Motion, Plaintiff submits a declaration from Plaintiff's owner stating that the bonus was paid to Defendant (*see* Weber Decl. ¶ 3), but regardless, the Non-Disclosure Agreement purports to waive any argument from Defendant concerning the failure of consideration.  (*See* NDA ¶ 1.)  Therefore, the Court finds that Plaintiff has adequately alleged performance to sustain its breach of contract claim.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                                    Date: September 27, 2018
Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

### 3.      Amount of Money at Issue

Under the fourth factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendant[s'] conduct."  *PepsiCo*, 238 F. Supp. 2d at 1176.

As set forth below, the Court will award $154,143.00 in restitution and $2,124.20 in attorney's fees as well as costs of suit and postjudgment interest.  "The amount at stake, though significant, appears reasonably proportionate to the harm caused by [Defendant's] breach." *NexRep, LLC v. ALIPHCOM*, No. 16-CV-06647-JSC, 2017 WL 1356345, at *5 (N.D. Cal. Mar. 8, 2017).  Moreover, courts frequently grant default judgment in similar cases and impose greater financial liabilities on the defendant.  *See, e.g., Calix, Inc. v. Alfa Consult, S.A.*, No. 15-CV-00981-JCS, 2015 WL 3902918, at *4 (N.D. Cal. June 24, 2015) (awarding more than $165,000 in a breach of contract case); *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 963 (D. Ariz. 2013) (awarding approximately $180,000 for damages arising from the defendant's breach of the duty of loyalty).

For these reasons, the fourth *Eitel* factor favors the entry of default judgment against Defendant.

### 4.      The Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060-61 (N.D. Cal. 2010).  Where the plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote.  *See id*. at 1061; *Landstar Ranger*, 725 F. Supp. 2d at 921–22 ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.").  As discussed, Plaintiff has adequately alleged that Defendant breached both his duty of loyalty and the Non-Disclosure Agreement. Defendant has failed to appear and has therefore admitted all material facts alleged in the Complaint.  *See, e.g., PepsiCo*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages.").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                    Date: September 27, 2018

Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

Therefore, no factual disputes exist that would preclude the entry of default judgment. This factor thus favors the entry of default judgment.

### 5.        The Possibility of Excusable Neglect

"The sixth *Eitel* factor considers whether defendant's default may have been the product of excusable neglect." *Landstar Ranger*, 725 F. Supp. 2d at 922.  Here, Defendant has been served with the Complaint (Doc. 12) and the instant Motion (Proof of Service).  The Court finds it reasonable to infer that Defendant's default was not the product of excusable neglect.  *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion").  Accordingly, this factor weighs in favor of the entry of default judgment.

### 6.        Policy Favoring Decisions on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist*, 694 F. Supp. 2d at 1061.  Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, "Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend." *Landstar Ranger*, 725 F. Supp. 2d at 922.  Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant fails to appear and respond, default judgment is appropriate. *See Craigslist*, 694 F. Supp. 2d at 1061.  In this case, Defendant has failed to appear and respond.  Therefore, this seventh factor favors the entry of default judgment.

Having found that all of the *Eitel* factors weigh in favor of entering default judgment, the Court GRANTS Plaintiff's Motion for Default Judgment.

## IV.    <u>REMEDIES</u>

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                              Date: September 27, 2018

Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

Plaintiff seeks restitution for breach of the duty of loyalty in the amount of $154,143, *i.e.* the salary paid to Defendant, and contract damages in the amount of $25,403.30 for lost business opportunities arising from Defendant's breach of the Non-Disclosure Agreement.  (Mem. at 9; Weber Decl. ¶¶ 4–5.)  Plaintiff also seeks recovery of its reasonable attorney's fees, prejudgment interest at a rate of 10%, postjudgment interest, and costs of suit.  (*Id.*)  The Court addresses each in turn.

### A.      Damages

"[A]n employer may recover from an employee who has violated his breach of duty of loyalty the amounts paid to the employee during the time period of his disloyal service."  *Neighborhood Assistance Corp. of Am., Inc. v. Johnson*, No. CV 11-1905 CBM (SSX), 2012 WL 13008418, at \*4 (C.D. Cal. Mar. 29, 2012) (*citing Serv. Employees Internat. Union, Local 250 v. Colcord*, 72 Cal. Rptr. 3d 763, 769 (Ct. App. 2008)).  Here, Plaintiff has alleged that "at all times" during his employment with Plaintiff, Defendant was also an employee of its competitor AWC.  (Compl. ¶¶ 11–12.)  Plaintiff has submitted a declaration from its owner stating that Defendant's earnings during the period of his employment totaled $154,143.00 along with a copy of the relevant payroll records.  (*See* Weber Decl. ¶ 7; Ex. 3 to Weber Decl., Doc. 20-2.)  Therefore, Plaintiff has proven its entitlement to $154,143.00 in restitution for the period of Defendant's disloyal conduct.  *See HTS*, 954 F. Supp. 2d at 955.

However, the Court will not award Plaintiff's requested contract damages.  When, as here, a plaintiff seeks damages related to loss of business or profits, "the plaintiff must show the amount of its damages with reasonable certainty and a reasonable degree of accuracy, and the testimony establishing the loss must be free of speculation and conjecture."  *Id.* at 951 (citations omitted).  To support its asserted lost profits damages, Plaintiff submits copies of invoices and emails related to sales brokered by Defendant and asserts that these records "demonstrate several irregularities" in Defendant's sales practices that resulted from "Defendant's misconduct in violation of his contractual obligations."  (*See* Weber Decl. ¶¶ 5–6; Exs. 2-A–I to Weber Decl., Doc. 20-2.)  However, noting the presence of "irregularities" is not sufficient to show with reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                          Date: September 27, 2018
Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

certainty how Plaintiff's harm is tied to Defendant's obligations under the Non-Disclosure Agreement nor does it show with reasonable accuracy how Plaintiff calculated the specific damages arising from breach of those obligations.  For example, Plaintiff points to a "lost opportunity for direct sale to [third party] PASCO," but provides no evidence to show how that sale was related Defendant's disclosure or misuse of Plaintiff's proprietary information.  (*See* Weber Decl. ¶ 5.)  Thus, Plaintiff has made no evidentiary showing to allow the Court to "fairly ascertain what [Plaintiff's] position would have been had [Defendant] fully performed under the non-disclosure provisions." *OmniGen Research, LLC v. Yongqiang Wang*, No. 6:16-CV-268-MC, 2017 WL 5505041, at *13 (D. Or. Nov. 16, 2017).

Therefore, the Court finds that Plaintiff's calculation of lost profits damages for Defendant's breach of the Non-Disclosure Agreement is not sufficiently supported by the evidence presented.  *See id.*; *HTS*, 954 F. Supp. at 950 ("Although the Complaint sufficiently alleges that [defendant] redirected a business opportunity that would have gone to [plaintiff] but for [defendant's] breach of his fiduciary duties, [plaintiff] has not sufficiently established the amount of damages alleged.")  Moreover, because prejudgment interest is available only for awards arising from contract damages, *see* Cal. Civ. Code § 3287, Plaintiff's request for prejudgment interest is also denied.

B.      **Attorney's Fees, Costs, & Postjudgment Interest**

Plaintiff seeks attorney's fees in the amount of $2,124.20.  (Mem. at 9.) "Contractual agreements providing for reasonable attorney's fees are enforceable." *Calix*, 2015 WL 3902918, at *5 (*citing In re Bennett*, 298 F.3d 1059, 1070 (9th Cir. 2002)).  Here, the Non-Disclosure Agreement provides that if a court "determine[s] that Employee has breached any of the provisions as contained in this agreement, [Plaintiff] shall have a right to collect, in addition to any monetary damages awarded it, all of its reasonable attorneys' fees and costs."  (NDA ¶ 3(d).)  Because the amount of attorney's fees requested by Plaintiff is less than what would have been awarded under the schedule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02231-JLS-KES                          Date: September 27, 2018

Title:  Weber Marking Systems, Inc. v. Newell Ray Woodward

set forth in Local Rule 55-3,[3] the Court awards the full amount requested of $2,124.20.

As the prevailing party, Plaintiff is entitled to costs as set forth in 29 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54-2. Within 14 days after the entry of judgment, Plaintiff shall apply to the Clerk to tax costs pursuant to the procedure set forth in Local Rule 54-2.  C.D. Cal. R. 54-2.

As the prevailing party, Plaintiff is entitled to postjudgment interest at the rate set forth in 28 U.S.C. § 1961(a).

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment against Defendant.  The Court awards $154,143.00 in restitution; attorney's fees in the amount of $2,124.20; postjudgment interest as provided by 28 U.S.C. § 1961(a); and costs as provided by C.D. Cal. R. 54-2.

The concurrently filed proposed judgment shall be entered forthwith.

Initials of Preparer:  tg

---

[3] The schedule for attorney's fees under Local Rule 55-3 provides that where, as here, the judgment exceeds $100,000, the attorney is entitled to $5,600 plus 2% of the amount over $100,000.  C.D. Cal. R. 55-3.  Therefore, Local Rule 55-3 authorizes an award of attorney's fees up to $6,682.86 ($5,600 + (0.02 × $54,143.00)) in this case.